IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| B.S., | : | |
| | : | |
| Plaintiff, | : | |
| | : | 1:20-CV-77 (TQL) |
| VS. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Plaintiff filed this Social Security appeal on May 4, 2020, challenging the Commissioner's final decision denying her disability application, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 3; Clerk's entry on May 4, 2020). The parties may appeal from the judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, this Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a mere scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Dyer v. Barnhart*, 395 F.3d

1206, 1210 (11th Cir. 2005); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "In contrast, the [Commissioner's] conclusions of law are not presumed valid . . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46.

Under the regulations, the Commissioner evaluates an adult disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

Plaintiff filed an application for a period of disability and disability insurance benefits on September 24, 2015. (Tr. 17). Plaintiff alleged an initial onset date of May 2, 2013. (Tr. 17, 244). The Social Security Administration denied Plaintiff's claims initially and upon reconsideration. (Tr. 73-74, 93-94). Plaintiff requested a hearing and appeared before an administrative law judge ("ALJ") on February 21, 2019. (Tr. 38, 149). In a decision dated April 30, 2019, the ALJ

determined Plaintiff was not disabled. (Tr. 31). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council denying review. (Tr. 1-3).

***Statement of Facts and Evidence***

Plaintiff was 59 years of age at the alleged onset date and 65 years of age at the time of the ALJ's decision. (Tr. 31, 244). Plaintiff has a eighth-grade education and completed a course to become a certified nursing assistant. (Tr. 43, 66). Plaintiff has past relevant work as a nurse's assistant. (Tr. 68).

The ALJ determined that Plaintiff suffers from the following severe impairments: "lumbago; degenerative joint disease of her knees status post arthroscopy of her left knee; hypertension; depression; and anxiety." (Tr. 20). The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 20). According to the ALJ, Plaintiff has the RFC to perform medium work with the following exceptions:

- She can occasionally climb ladders, ropes or scaffolds;
- She can frequently climb ramps and stairs;
- She can frequently balance, stoop, kneel, crouch and crawl;
- She should avoid concentrated exposure to hazards such as unprotected heights;
- She should perform only simple, routine, unskilled tasks; and
- She should have no more than occasional [contact] with the general public and no more than occasional "team-type" interaction with co-workers.

(Tr. 21). The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. 29). The ALJ further found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30). Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. (Tr. 31).

# DISCUSSION

Plaintiff challenges the ALJ's decision because (1) the decision that Plaintiff could perform medium work was not based on substantial evidence, and (2) the record was not fully developed because of an unresolved conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). (Doc. 18).

*Medium Work*

In challenging the ALJ's decision that Plaintiff could perform medium work, Plaintiff specifically takes issue with the ALJ's use of her daily reported activities in discrediting her subjective complaints. (Doc. 18, p. 11).

Statements about pain or other symptoms cannot alone establish that an individual is disabled. 20 C.F.R. § 404.1529(a), 416.929(a).

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson*, 284 F.3d at 1225. If a claimant testifies about his subjective complaints of disabling pain and other symptoms, and the ALJ chooses to discredit the claimant's complaints of pain, the ALJ "must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). "Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

At the hearing, Plaintiff testified that she experienced back pain, a burning, stabbing pain on her shoulders, throbbing pain in her knees, migraines, and difficulty focusing. (Tr. 50-53). As

a result, Plaintiff testified that she could sit for an hour at a time, stand for 45 minutes to a couple hours at a time, could walk less than a block, had difficulty climbing stairs, was unable to squat, and was able to lift maybe 12-15 pounds before her knee surgery. (Tr. 55-57). The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the evidence for the reasons explained in this decision." (Tr. 22). The ALJ then noted Plaintiff's previous pain and function questionnaires, in which Plaintiff stated that she was able to perform light housework, drive, shop, cook, vacuum, do laundry, read, watch TV, manage her finances, and socialize with her children and grandchildren. (Tr. 23). The ALJ also detailed Plaintiff's medical evidence, in which the ALJ noted several unremarkable exams, various reports from Plaintiff that her back pain was controlled with Oxycodone, reports from Plaintiff about improvements with her headaches, and several notations of normal ambulation and no motor/sensory deficits. (Tr. 23-26).

Plaintiff argues that the ALJ erred in at least partially using her daily activities to discredit her testimony because the daily activities do not support the conclusion that she could do medium work. (Doc. 18, pp. 16-17). "While a claimant's ability to engage in household chores does not conclusively refute his subjective pain testimony, an ALJ is certainly entitled to consider these activities in making his credibility determination." *Layton v. Astrue*, 2013 WL 754717, at *6 (N.D. Ala. Feb. 21, 2013) (internal citation omitted). As such, the ALJ was entitled to consider Plaintiff's daily activities in weighing the credibility of Plaintiff's pain testimony. Further, as discussed above, the ALJ cited and relied upon medical evidence in combination with Plaintiff's daily activities when making the credibility determination. As the ALJ relied upon Plaintiff's daily activities in combination with the medical evidence, the Court cannot say that the ALJ's credibility

determination is unreasonable. *Id.* (finding that an ALJ's decision to discredit the plaintiff's pain testimony was not unreasonable when the ALJ cited the plaintiff's daily activities in combination with other evidence in making the credibility determination).

*VE and DOT Conflict*

Plaintiff argues that two of the three jobs identified by the VE require the performance of duties inconsistent with the RFC. (Doc. 18, p. 18). Specifically, the patient transporter job requires frequent talking, frequent hearing, and serving people, and the merchandise deliverer job requires serving others and is described as waiting on customers—both of which Plaintiff argues are inconsistent with the ALJ's limitation for no more than occasional contact with the general public. *Id.* at 18-19. Defendant asserts that the Court need not determine whether the aforementioned jobs conflict with the RFC because such an error would be harmless as the VE's testimony about the hand packager job alone constitutes substantial evidence to support the ALJ's step-five finding. (Doc. 19, pp. 12-14).

An ALJ reaches step five in the disability evaluation process if the ALJ determines that the claimant is unable to perform past relevant work based on his RFC. 20 C.F.R. § 416.920(a)(4)(iv). At step five, the ALJ will find a claimant is not disabled if the claimant is able to perform other work that exists in significant numbers in the national economy in light of her age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v); 20 C.F.R. § 416.960(c). "[The Eleventh Circuit] has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations. [The Eleventh Circuit] has concluded, however, that the 'appropriate focus under the regulation is the national economy,' not the local economy in which the claimant lives." *Atha v. Comm'r of Soc. Sec. Admin.*, 616 F. App'x 931, 934 (11th Cir. 2015) (quoting *Allen v. Bowen*, 816 F.2d 600, 603 (11th Cir. 1987)).

The ALJ found that Plaintiff has the RFC to perform medium work with the following exceptions:

- She can occasionally climb ladders, ropes or scaffolds;
- She can frequently climb ramps and stairs;
- She can frequently balance, stoop, kneel, crouch and crawl;
- She should avoid concentrated exposure to hazards such as unprotected heights;
- She should perform only simple, routine, unskilled tasks; and
- She should have no more than occasional [contact] with the general public and no more than occasional "team-type" interaction with co-workers.

(Tr. 21). The ALJ further found that these limitations precluded Plaintiff from performing past relevant work. (Tr. 29). When posed a hypothetical with these limitations, the VE testified that an individual with such limitations could work as a hand packager, merchandise deliverer, or patient transporter. (Tr. 69-70). Based on this testimony, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30).

While Plaintiff asserts that the social requirements of the merchandise deliverer and patient transporter jobs are contrary to her RFC, Plaintiff does not take issue with the hand packager job. (Docs. 18, pp. 17-19; 20, p. 5). The VE testified that there were 43,000 hand packager positions nationally. (Tr. 70). This number constitutes a significant number of jobs. *Atha*, 616 F. App'x at 935 (finding that 23,800 jobs nationally were sufficient to support the ALJ's finding at step five); *Tanner v. Berryhill*, 2018 WL 8370730, at *7 (N.D. Ga. Mar. 2, 2018) (finding that 39,000 jobs nationally constituted a significant number of jobs). Accordingly, the hand packager job alone provides substantial evidence for the ALJ's step five finding. *Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1010 (11th Cir. 2020) (finding the number of jobs provided by the VE was substantial evidence to support the ALJ's step-five finding when the Court had previously held that a similar number of available jobs was sufficient); *Bailey v. Astrue*, 739 F. Supp. 2d 1365, 1382-83 (N.D. Ga. 2010) (finding one occupation was sufficient to support a step five finding

when the case law established that the number of available jobs constituted a significant number of jobs). As such, even if the Court were to assume that there was a conflict between her RFC and the social requirement for the merchandise deliverer and patient transporter jobs, the error would be harmless as Plaintiff could also perform the job of hand packager—which exists in sufficient numbers. *Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019) (finding any error that resulted from an apparent conflict between the RFC and two positions identified by the VE would be harmless because the remaining job that Plaintiff was capable of performing existed in sufficient numbers).

## CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 23rd day of April, 2021.

s/*THOMAS Q. LANGSTAFF*<br>
UNITED STATES MAGISTRATE JUDGE